[ECF No. 57]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

SHERRY L. MILLER,

                    Plaintiff,

          v.

CAMPBELL SOUP COMPANY
RETIREMENT & PENSION PLAN
ADMINISTRATIVE COMMITTEE,

                    Defendant.

Civil No. 19-11397 (RBK/EAP)

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court by way of Defendant's Motion for Leave to file an Amended Answer.  *See* ECF No. 57 ("Def.'s Br.").  *Pro se* Plaintiff Sherry Miller opposes the motion.  *See* ECF No. 62.  The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons that follow, Defendant's motion is **GRANTED**.

## BACKGROUND

Plaintiff is a former participant in the Campbell Soup Company Retirement & Pension Plan ("the Plan"), a benefit pension plan subject to the Employee Retirement Income Security Act of 1973 ("ERISA").  Def.'s Br. at 1.  Plaintiff asserts claims for fiduciary misrepresentation and equitable estoppel against Defendant Campbell Soup Company Retirement & Pension Plan Administrative Committee ("Committee" or "Defendant") under ERISA.  *See* ECF No. 31 ("Am. Compl."), at 5-9.  More specifically, Plaintiff alleges that the Committee breached its fiduciary duty to her when its agents misrepresented the methodology under which Plaintiff would accrue

Plan benefits. *Id.* at 5-7; Def.'s Br. at 1; Pl.'s Opp. at 7. Plaintiff also asserts a claim for equitable estoppel based on the same purported misrepresentations. Am. Compl. at 7-9; Def.'s Br. at 3. As relief, Plaintiff seeks to recover the difference between the benefits she received versus those benefits she believes she is owed based on the purported misrepresentations. Am. Compl. at 9-10; Def.'s Br. at 1.

On July 15, 2022, Plaintiff served her First Set of Requests for Production of Documents on Defendant. Among other things, she sought "[a]ll documents or communications relating to the Plaintiff's hire & or rehire with Campbell Soup." Declaration of Sean K. McMahan ("McMahan Decl.") ¶¶ 8-9. Believing it to be responsive to Plaintiff's document request number 2, on August 12, 2022, the Committee obtained Plaintiff's personnel file from Campbell Soup. *See id.* ¶¶ 10-12. In Plaintiff's personnel file was a copy of a fully executed Voluntary Separation Agreement and General Release ("Agreement").[1] *Id.* ¶¶ 2, 7 and Ex. 1. In the fall 2015, Campbell Soup offered certain employees the opportunity to participate in a Voluntary Separation Incentive Program ("VSIP"). *See id.* ¶ 3. Plaintiff chose to participate in the VSIP; as such, she executed the Agreement on October 23, 2015. *See id.* ¶ 2 and Ex. 1 at 8.

Relevant here, the Agreement contained a "General Release" provision ( "Release"). *See id.* ¶ 5; Pl.'s Opp., Ex. A at 3-4. According to its terms, the Release waived "any Claims under the Employee Retirement Income Security Act ('ERISA')." McMahan Decl., Ex. 1 at 3; Pl.'s Opp., Ex. A at 3. However, the Release includes a carve out for claims for vested benefits under the Plan. *See* Pl.'s Opp., Ex. A at 4.

---

[1] The Agreement required a participant to sign the Agreement to obtain the Separation Benefits as defined in the Agreement. *See* McMahan Decl., Ex. 1 at 1-2. The Separation Benefits provision specifically required a participant to agree to be bound by the General Release provision contained in the Agreement. *See id.*, Ex. 1 at 2-4.

On August 15, 2022, Defendant produced Plaintiff's personnel file in discovery, which included the Agreement.  *See* McMahan Decl. ¶¶ 12-13.  On August 18, 2022, counsel for the Committee determined that the Agreement released Plaintiff's claims in this lawsuit and confirmed that Defendant's Answer did not raise the affirmative defense of release.  *See id.* ¶¶ 14-15.  On August 19, 2022, Defendant contacted Plaintiff to ask if she would consent to the Committee filing an Amended Answer.  *See id.* ¶ 16.  Plaintiff refused to consent on the basis that they should have known about the Release in 2018, when she filed an administrative appeal of the denial of benefits.  *See* Pl.'s Opp. at 8-9.

On August 22, 2022, Defendant filed the present motion seeking leave to file an Amended Answer to add the affirmative defense of release.  *See* Def.'s Br. at 6-7.  The Court's June 23, 2022 Scheduling Order, ECF No. 50 ("Order"), allowed the parties to amend the pleadings until August 15, 2022, and thus, Defendant seeks leave to amend out-of-time.[2]

## LEGAL STANDARD

"'The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure.'"  *Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *2 (D.N.J. Apr. 15, 2013) (quotation omitted).  "[W]hen a party moves to amend or add a party after the deadline in a . . . scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies.  A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard."  *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005) (adopting a good cause standard to determine whether leave to amend should be granted

---

[2] When Defendant filed the present motion, the case was in fact discovery.  Fact discovery expired on September 30, 2022.  *See* ECF No. 50, Scheduling Order ¶ 4.

after the deadline has expired); *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018), *aff'd*, 2021 WL 3616197 (D.N.J. Aug. 13, 2021) ("[W]here a party seeks to amend 'after the deadline for doing so set by the Court, the movant must satisfy the [good cause standard] of Rule 16 before the Court will turn to Rule 15.'" (quotation omitted)).

*Rule 16*

Unless a case is exempted by the Court's local rules, the Court must issue a scheduling order that includes a deadline by which the pleadings must be amended.  Fed. R. Civ. P. 16(b). Rule 16(b)(4) governs modifications of a court's scheduling order.  The party seeking relief must establish "good cause" for the modification.  Fed. R. Civ. P. 16(b)(4).  The focus of the good cause analysis is on the diligence, or lack thereof, of the moving party.  *Tordella v. Cnty. of Cape May, Bd. of Chosen Freeholders*, No. 18-15101, 2021 WL 3562895, at *2 (D.N.J. Aug. 12, 2021); *Sabatino*, 2013 WL 1622306, at *4.  To make the good cause determination, the court should "'consider whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend'" before the deadline elapsed. *Ewing v. Cumberland Cnty.*, No. 09-5432, 2014 WL 3974159, at *4 (D.N.J. July 16, 2014) (quoting *Siebel v. Work At Home Vintage Emps., LLC*, No. 12-1199, 2013 WL 6094558, at *3 (D.N.J. Nov. 18, 2013)); *GlobespanVirata, Inc. v. Tex. Instruments, Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (stating that the moving party "must show that the deadlines [could not] be reasonably met despite its diligence").

*Rule 15*

Rule 15(a) governs amendments to pleadings before trial.  A party may amend its pleading once as a matter of course within either 21 days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of 21 days after service of a responsive pleading or 21 days after a motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *see Forman v. Davis*, 371 U.S. 178, 182 (1962).  The Third Circuit has adopted a liberal approach to the amendment of pleadings.  *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings.").  However, the Court may deny a motion for leave to amend when: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them.  *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.,* 769 F.3d 837, 849 (3d Cir. 2014).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## **DISCUSSION**

Defendant seeks to amend its Answer to include the Release signed by Plaintiff as an affirmative defense. [3]  *See* Def.'s Br. at 1.  Because Defendant seeks to amend its Answer after the

---

[3]  This Motion also implicates Federal Rule of Civil Procedure 8(c), which governs affirmative defenses.  A release may qualify as an affirmative defense.  *See* Fed. R. Civ. P. 8(c). To satisfy Rule 8(c), an affirmative defense need not contain detailed factual allegations.  *Id.* Here, Defendant's proposed amendment adequately satisfies Rule 8(c).  The affirmative defense

deadline set by the Court in its June 23, 2022 Scheduling Order, *see* Order ¶ 3, Defendant must satisfy the good cause standard of Rule 16 before the Court can consider the propriety of the proposed amendment under Rule 15.

Defendant argues that it satisfies the good cause standard for amending its Answer because it acted diligently in requesting leave to amend. *See* Def.'s Br. at 8.  Although Campbell Soup was in possession of Plaintiff's personnel file containing the Agreement (and thus, the Release), the Committee did not request Plaintiff's personnel file from Campbell Soup until Plaintiff requested it in discovery. *See* McMahan Decl. ¶¶ 8-10; Def.'s Br. at 8-9.  The Committee received Plaintiff's personnel file from Campbell Soup on August 12, 2022, and produced it to Plaintiff on August 15, 2022, the day the deadline to amend expired. *See* McMahan Decl. ¶¶ 11-13; Def.'s Br. at 9. Thereafter, on August 18, 2022, counsel for the Committee reviewed the Agreement and determined that the Agreement released Plaintiff's remaining claims in this action. *See* McMahan Decl. ¶ 14; Def.'s Br. at 9.  That same day, counsel also confirmed that the Committee did not plead release as an affirmative defense in its Answer. *See* McMahan Decl. ¶ 15; Def.'s Br. at 9. The Committee then contacted Plaintiff on August 19, 2022, to seek her consent to amend its Answer. *See* McMahan Decl. ¶ 16; Def.'s Br. at 9.  Plaintiff refused to consent; Defendant filed the present motion five days later. *See* McMahan Decl. ¶ 17; Def.'s Br. at 9; ECF No. 57.  Based on this timeline, Defendant asserts that it acted diligently by (1) identifying Plaintiff's personnel file as potentially responsive to her discovery requests; (2) identifying the Agreement and its release provision as potentially barring Plaintiff's claims; and (3) seeking leave to amend its Answer.  Def.'s Br. at 9-10.

---

in the proposed Amended Answer states, "Plaintiff's claims are barred in whole or part by the release she executed when she voluntarily terminated her employment with Campbell in 2015." ECF No. 57-5, Am. Answer at 13.  That statement provides sufficient notice of the affirmative defense to Plaintiff.

Plaintiff opposes the amendment, arguing that Defendant has not established good cause because it "should have been aware of [the Agreement] back in 2018."  Pl.'s Opp. at 8-9. According to Plaintiff, Robert Centonze, Vice President of Total Rewards at Campbell Soup Company, sent her the Agreement and Release in 2015, and he signed off on Plaintiff's April 26, 2018 Appeal Denial of Benefits.  *Id.* and Exs. A, C.  However, Defendant explains that Robert Centonze is neither a member of the Committee nor is he a defendant in this lawsuit.  *See* Def.'s Reply Br. at 2.  Furthermore, the Agreement was not relevant to Plaintiff's administrative appeal of the denial of benefits.  *See id.*  Thus, just because Mr. Centonze signed both documents does not mean the Committee failed to act diligently in identifying the release defense.  *See id.*

Here, the Court finds that Defendant has sufficiently explained why the release defense was not initially included in its Answer: Defendant was not aware of the Agreement until it requested Plaintiff's personnel file from Campbell Soup during the discovery process.  Once Defendant obtained Plaintiff's personnel file containing the Agreement, it immediately produced the personnel file to Plaintiff and informed Plaintiff of its intention to amend its Answer.  *See* McMahan Decl. ¶¶ 13-16; Def.'s Br. at 8-9.  Thus, the Court finds that Defendant has made a sufficient showing of good cause to amend its Answer out-of-time under Rule 16.

The question remains whether Defendant's proposed amendment satisfies the requirements of Rule 15.  Defendant asserts that none of the factors justifying the denial of an amendment under Rule 15 is present in this case.  *See* Def.'s Br. at 10-13.  In opposing the amendment, Plaintiff argues that the release does not bar her claims and thus, the amendment would be futile.  *See* Pl.'s Opp. at 9-10 and Ex. A.  Liberally construing Plaintiff's opposition, the Court believes that Plaintiff also asserts that adding the release defense at this stage of the litigation creates an undue delay.  *See id.* at 8-9.  The Court addresses these arguments in turn.

First, Plaintiff opposes Defendant's amendment, arguing that the amendment is futile. A proposed amendment is futile if the pleading, as amended, advances a claim or defense that "would fail to state a claim upon which relief could be granted." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). In other words, "'[f]utility' of an amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Consequently, "if the proposed amendment 'is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" *Id.* at 468-69 (quoting 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 at 637-42 (2d ed. 1990) (footnotes omitted)).

Here, Plaintiff's futility arguments are premised upon her belief that the release does not bar her claims. For example, Plaintiff argues that the general release's plain language in paragraph 3 does not release her claims, particularly when read in connection with paragraph 4, relating to non-released claims, and paragraph 5 relating to "retained rights." Pl.'s Opp. at 9-11. That argument, however, implicates the *merits* of the release as applied to Plaintiff's claims. The Court declines to consider these merits-based arguments in context of a Motion for Leave to Amend an Answer because the question before the Court is whether the release states a plausible defense. The Court finds that it does. Defendant argues that the text of the release "release[s] and forever discharge[s]" Campbell Soup and the Releasees, which includes the Committee as a benefit plan fiduciary, from all claims "arising out of or relating to" Plaintiff's employment. Def.'s Reply Br. at 6-7. Defendant plausibly alleges that Plaintiff's claims under ERISA, misrepresentation, and estoppel fall within the ambit of the release. *See id.* However, the Court notes that Plaintiff may argue in opposition to other motions or at trial that the release does not bar her claims. *See Baymont*

8

*Franchise Sys., Inc. v. Bernstein Co., LLC,* No. 18-620, 2020 WL 3287150, at *6 (D.N.J. June 17, 2020) ("While Plaintiff may be correct in its assertions regarding the viability of [Defendant's] proposed claims, it appears to the [c]ourt that a ruling on Plaintiff's futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss.").

Furthermore, it appears that Plaintiff argues that a release cannot be used to bar ERISA claims.  *See* Pl. Opp. at 12 ("The Plaintiff finds that it would be an injustice to relieve the Defendant of its fiduciary responsibilities under ERISA.").  Plaintiff is incorrect.  The Third Circuit has upheld releases that release ERISA claims.  *See, e.g., Calvitti v. Anthony & Sylvan Pools Corp.*, 351 F. App'x 651, 654 (3d Cir. 2009) ("We apply federal law to the interpretation of contracts affecting ERISA benefits. . . . That law includes the general contract principle that an unambiguous agreement should be enforced according to its terms." (quotation omitted)); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 593-94 (3d Cir. 2009) (finding that although ERISA Section 410(a), 29 U.S.C. § 1110(a), prohibits agreements that diminish the statutory obligations of a fiduciary, a release that settles an individual dispute does not alter a fiduciary's statutory duties and thus, is enforceable).

In *Johnston v. Independence Blue Cross, LLC*, an employee elected to participate in a voluntary severance program and signed a separation agreement containing a general waiver and release clause.  No. 19-3524, 2021 WL 765771, at *1-2 (E.D. Pa. Feb. 26, 2021).  The former employee later brought an action under ERISA against her pension plan sponsor and administrator, and the defendants argued that the plaintiff waived all claims against them in the separation agreement.  *Id*. at *3.  Citing to *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d at 585, the *Johnston* court ruled that the separation agreement "merely attempts to settle an individual dispute

regarding [the employer's] statutory duty and does not alter its duty." *Id*. at *4.  Therefore, the agreement was not void under Section 410(a).  *Id*.  Similarly, here, Plaintiff signed a release form as part of accepting a voluntary separation plan.  While the language of the release form implicates the merits of Plaintiff's claims, which the Court declines to decide in this opinion, the release form does not diminish Defendant's statutory obligations under ERISA, and therefore is not void.

Second, it appears that Plaintiff challenges Defendant's amendment on the basis of delay. Plaintiff argues that Campbell Soup knew about the release in 2015.  Delay alone, however, does not justify denying a motion to amend.  "A motion for leave to amend a pleading should be denied when the delay is undue."  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  In determining undue delay, courts consider "whether new information came to light or was available earlier to the moving party."  *Ford Motor Co. v. Edgewood Props., Inc.*, No. 06-1278, 2011 WL 1599609, at *3 (D.N.J. Apr. 27, 2011) (citing *In re Adams Golf, Inc. Sec. Litig.*, 381 F.3d 267, 280 (3d Cir. 2004)).  Incidental delay is not sufficient to deny an amendment. Instead, the moving party "must demonstrate that its delay in seeking to amend is 'satisfactorily explained.'"  *Harrison Beverage, Inc.*, 133 F.R.D. at 468 (quoting *Leased Optical Dep'ts v. Opti-Center, Inc.*, 120 F.R.D. 476, 478 (D.N.J. 1988)).

Here, Defendant has satisfactorily explained the short delay in seeking to amend.  The Committee was unaware of the Release until it was discovered during fact discovery.  More specifically, the Committee requested Plaintiff's personnel file from Campbell Soup to respond to a document request from Plaintiff.  *See* McMahan Decl. ¶¶ 8-11.  After receiving the personnel file, counsel for the Committee reviewed the Agreement containing the Release and determined that the Agreement released Plaintiff's remaining claims in this action.  *See id.* ¶ 14.  That same day, counsel also confirmed that the Committee did not plead release as an affirmative defense in

its Answer.  *See id.* ¶ 15.  The next day, the Committee contacted Plaintiff to seek her consent to amend its Answer, but Plaintiff refused.  *See id.* ¶ 16; Def.'s Br. at 9. Defendant then filed the present motion five days later.  *See* McMahan Decl. ¶ 17.

This record reveals that within a 10-day period, from August 12, 2022, to August 22, 2022, Defendant acted quickly in identifying the Agreement with the release provision; confirming that it did not assert the affirmative defense of release; and seeking leave to amend its Answer.[4] Moreover, Defendant produced the Agreement to Plaintiff during that same 10-day period, on August 15, 2022.  *See id.* ¶ 13.  Because the fact discovery period did not expire until September 30, 2022, Plaintiff had time to seek discovery on the release if she chose to do so.  *See* ECF No. 50, ¶ 4.  Under these circumstances, the Court finds that undue delay does not bar Defendant's proposed amendment.

Given Plaintiff's *pro se* status, the Court will grant Plaintiff one week to request discovery from Defendant regarding the release should she elect to do so.  If Plaintiff propounds such discovery, Defendant shall respond in a timely manner, in accordance with the Federal Rules of Civil Procedure.[5]

## **CONCLUSION**

For the reasons stated above, and for other good cause shown,

**IT IS** on this **9th day of December 2022**,

**ORDERED** that Defendant's motion to amend, ECF No. 57, is **GRANTED**; and it is further

---

[4]  It was during this 10-day window that the time to amend expired on August 15, 2022. *See* ECF No. 50, ¶ 3.
[5]  Because the Court grants Defendant motion for leave to amend its Answer, the Court need not reach the Committee's argument that it did not waive the release defense.  *See* Def.'s Br. at 13-17.

**ORDERED** that Plaintiff shall have one week from the date of the entry of this Order to request discovery regarding the release supporting Defendant's affirmative defense; and it is further

**ORDERED** that Defendant shall filed its amended answer within seven (7) days of the date of the entry of the Order; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff via regular mail and shall enter a notation on the docket indicating the date upon which this Order was forwarded.

s/ Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Robert B. Kugler, U.S.D.J.